**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

INGRID YEARBY,

    Plaintiff,                                        CASE NO.

        v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.
_____/

**PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, INGRID YEARBY ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Florida establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Palm City, Martin County, Florida.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is a business entity with a business office located in Dallas, Texas.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant contacted Plaintiff attempting to collect a debt allegedly owed.

12. The alleged debt arises from transactions for personal, family and household purposes.

13. In its collection attempts, Defendant placed telephone calls to Plaintiff.

14. When Plaintiff was unable to answer Defendant's collection calls, Defendant left her voice messages. *See* message Defendant left for Plaintiff in January 2013, attached hereto as Exhibit A.

15. Defendant made multiple misrepresentations to Plaintiff in an effort to deceive Plaintiff. *See* Exhibit A.

16. Defendant continuously informed Plaintiff there is a Complaint against Plaintiff with Case Number 4103855. *See* Exhibit A.

17. Upon information and belief, neither Defendant nor any entity that Defendant acts on behalf of has filed any legal claim against Plaintiff in any court.

18. Thus, Defendant's statement that Plaintiff needs to respond to a Complaint with Case Number 4103855, is a statement made in an effort to scare and deceive Plaintiff. *See* Exhibit A.

19. Defendant's message attempts to intensify the purported severity of its call by suggesting a lawsuit has been filed. *See* Exhibit A.

20. Defendant uses the aforementioned false, deceptive and misleading representations in connection with its attempts to collect the alleged debt.

21. Additionally, Defendant never informed Plaintiff that it was a debt collector nor did it provide its business name. *See* Exhibit A.

22. The true purpose of Defendant's call was to attempt to collect a debt from Plaintiff, something that it failed to disclose to Plaintiff in its message. *See* Exhibit A.

23. Defendant provided phone number 214-319-5306 in the voice message, which is a telephone number that belongs to Defendant. *See* Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq.*

24. Defendant violated the FDCPA based on the following:

   a) Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

   b) Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its communication to Plaintiff.

  c)  Defendant violated § 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

  d)  Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

  e)  Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communication that it is a debt collector.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

27. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, INGRID YEARBY, demands a jury trial in this cause of action.

DATED:  April 16, 2013      RESPECTFULLY SUBMITTED,

            By:  /s/ Shireen Hormozdi

            Shireen Hormozdi
            Florida Bar No. 0882461
            10474 Santa Monica Blvd., Suite 405
            Los Angeles, CA 90025
            Phone:  (323) 988-2400 x 267
            Fax:  (866) 829-5083
            shormozdi@consumerlawcenter.com
            Attorney for Plaintiff